UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

SERGIO ARIAS, on behalf of himself and others similarly situated,

Plaintiff,

-against-

WOODBINE STREET ASSOCIATES, LLC, CLARIDGE PROPERTIES LLC, and RICARDO C. PAGAN,

Defendants.

--------------------------------------------------------------------------X

Civil Action No.:

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, SERGIO ARIAS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, ROSENBERG FORTUNA FILOSA & LAITMAN, LLP, complaining of Defendants WOODBINE STREET ASSOCIATES, LLC, CLARIDGE PROPERTIES LLC and RICARDO C. PAGAN (collectively "Defendants"), alleges the following:

## NATURE OF ACTION

1. Plaintiff brings this action, on behalf of himself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for himself and other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks unpaid wages, statutory damages, pre- and post- judgment interest,

reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3. Plaintiff also brings this action under the NYLL for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§195(1) and (3).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. §1331, 29 U.S.C. §§216(b)(c) and 217; and 28 U.S.C. §1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

7. Plaintiff is an individual who resides in the State of New York.

8. Defendant Woodbine Street Associates, LLC ("Woodbine") is a foreign limited liability corporation authorized to do business in the State of New York.

9. Upon information and belief, Defendant Claridge Properties LLC ("Claridge") is a New York limited liability company with offices at 77 Woodbine Street, Brooklyn, New York 11221

10. Upon information and belief, Defendant Ricardo C. Pagan ("Pagan") is an individual who resides in the State of New York.

11. Upon information and belief, Pagan is an owner, officer, director, shareholder, managing agent and/or member of Woodbine and/or Claridge (collectively the "Corporate Defendants").

12. At all relevant times mentioned herein, Pagan had the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Members (as defined herein).

13. Pagan had authority to, and did in fact, exercise operational control over the Corporate Defendants.

14. Pagan set the manner by which Plaintiff and the FLSA Collective Members were to be paid while employed by Woodbine.

15. At all times relevant, Defendants were covered by the FLSA and the NYLL.

16. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and FLSA Collective Members (as defined herein) to work in excess of forty (40) hours a week without paying appropriate minimum wage or overtime compensation as required by federal and state laws.

17. Plaintiff and FLSA Collective Members (as defined herein) were victims of Defendants' common policy and practices, which violated their rights under the FLSA and NYLL by, inter alia, not paying them for all hours worked, including proper minimum wages or time and a half for work performed after forty (40) hours.

18. Defendants also failed to provide Plaintiff and FLSA Collective Members with accurate written records of their hours worked and hourly rates.

19. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

20. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

21. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Members, within the meaning of the FLSA and the NYLL.

**FACTUAL ALLEGATIONS**

22. Woodbine is a construction company located in Kings County, New York.

23. Plaintiff worked for Defendants from July 2025 through April 2026.

24. Plaintiff worked for Defendants for a construction project located at 77 Woodbine Street, Brooklyn, New York (the "Property").

25. Upon information and belief, Woodbine is a title-holding entity for the Property.

26. Upon information and belief, Claridge is a real estate investment and development company that acquired, financed and developed the Property.

27. While working for Defendants, Plaintiff's duties at the Property consisted of, among other things:

a. Opening the building and checking for any issues or incidents, as the building had ongoing problems that were being resolved gradually;

b. Maintaining the attendance log and waiting for personnel from different companies who arrived according to their work schedule;

c. Verifying personnel's identification and OSHA certification numbers, as well as reviewing the workplace requirements with them, such as no smoking, no alcohol consumption, no vaping, and compliance with all safety regulations;

d. Inspecting tools and equipment to ensure they were appropriate for the job and in good working condition;

e. Monitoring personnel's activities to ensure the work was performed correctly and safely, without any incidents or accidents.

f. Receiving city inspectors, answering their questions, and addressing any concerns or issues they raised regarding the building and ongoing work.

28. During his employment with Defendants, Plaintiff generally worked five (5) days per week Mondays through Fridays.

29. At times, Plaintiff was also required to work Saturdays when directed to do so by Defendants.

30. While employed, Plaintiff was not required to clock in or clock out.

31. Instead, Plaintiff was told to write his start and end times on Defendants' "Employee Sign In Sheet" for each day worked.

32. The sign-in sheets in Plaintiff's possession reflect that in generally worked from about 6:00 a.m. each morning until 5:00 p.m. each night, with no meal breaks.

33. However, at times, Defendants directed Plaintiff to sign out at 5:00 p.m. even though he worked beyond that time.

34. On the weeks Plaintiff worked Saturdays, he worked varying hours, which could have been anywhere from six (6) to eleven (11) hours per day.

35. Throughout his employment, Plaintiff was paid $2,000.00 bi-weekly via check or Zelle, which compensation was intended to cover only a forty (40) hour workweek.

36. As a result of paying him with checks or Zelle only, throughout his employment, Defendants paid Plaintiff without any accompanying statement listing the correct overtime rate or rates of pay, the correct number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

37. Plaintiff was also never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employers in accordance with NYLL 191; the name of the employers; any "doing business as" names used by the employers; the physical address

of the employers' main office or principal place of business, and a mailing address if different; the telephone number of the employers; and anything otherwise required by law.

38. Because Defendants did not provide Plaintiff with complete and accurate acknowledgments and paystubs, he was kept in the dark about how much he should have been paid for his labor.

39. Had Defendants provided such acknowledgments and paystubs, Plaintiff would have known that he was entitled to minimum wages and overtime compensation for hours he worked in excess of forty (40) each week and could have advocated for himself to enforce his rights under federal, state and local laws.

40. However, because Defendants did not provide Plaintiff with complete and accurate documentation as required by the NYLL, Plaintiff could not rectify the situation, resulting in the underpayment of his wages during his employment with Defendants.

41. As a result of Defendants' failure to provide wage acknowledgments and statements, Plaintiff has incurred tangible, downstream harm.

42. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the FLSA Collective Members should be tolled due to the failure to provide appropriate and required notice of the law.

**COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff brings Count One and Two as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All persons who work or worked for Defendants who were paid a fixed rate for all hours worked from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Members").

44. At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required and minimum and overtime wages for all hours worked.

45. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other salaried employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they choose.

46. Counts One and Two are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Members are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

**COUNT ONE**
**(Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

47. Plaintiff, on behalf of himself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

49. Defendants were required to pay directly to Plaintiff and the FLSA Collective Members at least the applicable minimum wage rates for all hours worked.

50. Defendants failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

52. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

53. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

55. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT TWO**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Himself and the FLSA Collective Members)**

56. Plaintiff, on behalf of himself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

57. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

58. During their employment, Plaintiff and the FLSA Collective Members were non-

exempt employees of Defendants.

59. During their employment, Plaintiff and the FLSA Collective Members regularly worked overtime, without receiving any premium pay for hours worked in excess of forty (40) per workweek.

60. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Members the required overtime wages to which they are entitled.

61. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT THREE**
**(Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff)**

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

64. At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

65. Defendants have failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

66. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York

State Department of Labor Regulations, Defendants have been required to pay Plaintiff the full minimum wage at a rate in New York State to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

67. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT FOUR**
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff)**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

71. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

72. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

73. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

74. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York

State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

75. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT FIVE**
**(Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff)**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. During his employment, Plaintiff worked a spread of more than ten hours in a workday.

79. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

80. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

81. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**COUNT SIX**
**(Wage Notice Violations – NYLL, Brought by Plaintiff)**

82. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

83. Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

84. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

**COUNT SEVEN**
**(Wage Statement Violations – NYLL, Brought by Plaintiff)**

85. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

86. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

87. Due to Defendants' violations of NYLL §195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff, on behalf of himself and the FLSA Collective Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609, Plaintiff hereby advises that he intends to hold each of the Corporate Defendants top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that each of the Corporate Defendants permit an examination of their record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective

Members and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Awarding Plaintiff and similarly situated co-workers damages for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime wages and spread of hours;

C. Awarding Plaintiff and similarly situated co-workers liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

D. Awarding pre- and post-judgment interest as permitted under the law;

E. Awarding the costs of this action together with reasonable attorneys' fees; and

F. Granting such other and further relief as this Court deems necessary and proper.

Dated: September 14, 2026
Garden City, New York

Respectfully submitted,
**ROSENBERG FORTUNA FILOSA & LAITMAN, LLP**

By: ______________________________
Yale Pollack, Esq.
666 Old Country Road – Suite 810
Garden City, New York 11530
(516) 228-6660
yale@rosenbergfortuna.com
*Attorneys for Plaintiff and FLSA Collective Members*